| | |
|---|---|
| 1 | John C. Tang (State Bar No. 212371) |
| | jctang@jonesday.com |
| 2 | Dennis F. Murphy, Jr. (State Bar No. 301008) |
| | dennismurphy@jonesday.com |
| 3 | JONES DAY |
| | 555 California Street, 26th Floor |
| 4 | San Francisco, CA 94104 |
| | Telephone:  +1.415.626.3939 |
| 5 | Facsimile:  +1.415.875.5700 |
| 6 | Attorneys for Defendants Robert Blair, |
| | Daniel W. Fairfax, Charles Liang, and David |
| 7 | Weigand, and Nominal Defendant Super Micro |
| | Computer, Inc. |
| 8 | |
| | [*Additional counsel listed on signature page*] |
| 9 | |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE HOLLIN, Derivatively on Behalf of Nominal Defendant SUPER MICRO COMPUTER, INC., | Case No. 5:24-cv-06410 EJD |
| | **STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS** |
| Plaintiff, | |
| | Compl. Filed:  Sept. 11, 2024 |
| v. | |
| CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, YIH-SHYAN LIAW, SUSIE GIORDANO, SHIU LEUNG CHAN, MICHAEL S. MCANDREWS, HWEI-MING TSAI, SARIA TSENG, and DAVID WEIGAND, | |
| Defendants, | |
| and | |
| SUPER MICRO COMPUTER, INC., | |
| Nominal Defendant. | |

Plaintiff Lawrence Hollin ("Plaintiff"), Defendants Robert Blair, Daniel W. Fairfax, Charles Liang, and David Weigand, and Nominal Defendant Super Micro Computer, Inc. ("Supermicro"), through their counsel of record, stipulate as follows:

WHEREAS, on September 11, 2024, Plaintiff filed a Verified Shareholder Derivative Complaint ("Complaint") (ECF 1), which was assigned to the Hon. Virginia K. DeMarchi on September 12, 2024 (ECF 4);

WHEREAS, on September 13, 2024, an Initial Case Management Conference was set for December 17, 2024 with a Joint Case Management Statement due December 10, 2024 (ECF 5);

WHEREAS, on September 13, 2024, Plaintiff served Supermicro with the Summons and Complaint;

WHEREAS, under Federal Rule of Civil Procedure 12(a)(1)(A)(i), the current deadline for Supermicro to answer, move to dismiss, or otherwise respond to the Complaint is October 4, 2024;

WHEREAS, Defendants Blair, Fairfax, Liang, and Weigand have agreed to waive service of the Summons and Complaint;

WHEREAS, the remaining defendants named in the Complaint have not yet appeared in this action;

WHEREAS, the Complaint alleges claims under Section 14(a) of the Securities Exchange Act of 1934 and for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, abuse of control, and waste of corporate assets;

WHEREAS, earlier-filed and factually-related putative securities class actions are pending in this Court, captioned (1) *Averza v. Super Micro Computer, Inc., et al.*, Docket No. 5:24-cv-06147 (N.D. Cal.); (2) *Menditto v. Super Micro Computer, Inc., et al.*, Docket No. 5:24-cv-06149 (N.D. Cal.); and (3) *Spatz v. Super Micro Computer, Inc., et al.*, Docket No. 5:24-cv-06193 (N.D. Cal.) (the "Securities Litigation"), in which the plaintiffs assert federal securities claims against Supermicro and certain of its current officers and one director (both of whom are named as defendants here);

WHEREAS, this case and the Securities Litigation are premised upon overlapping alleged

conduct and the claims and defenses in this case may be informed by resolution of motions to dismiss in the Securities Litigation;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, unless and until the Court in the Securities Litigation denies any forthcoming motions to dismiss to be filed by the Securities Litigation defendants, all discovery and other proceedings in the Securities Litigation will be stayed; and

WHEREAS, in an effort to proceed in the most efficient manner, the undersigned parties agree that it would save judicial and party resources to (i) temporarily stay this case in its entirety (including all discovery) until the Securities Litigation is dismissed in its entirety with prejudice and all appeals related thereto have been exhausted, or is resolved or dismissed by settlement, or the motions to dismiss the Securities Litigation are denied and the PSLRA stay dissolves as a matter of law, and (ii) adjourn the deadline for all Defendants to move to dismiss, answer, or otherwise respond to the Complaint in this action.

NOW THEREFORE, pursuant to Civil L.R. 6-1, the undersigned parties, by and through their counsel of record, stipulate as follows, subject to the Court's approval:

1. All proceedings in this action, including but not limited to all motion practice, obligations to respond to any complaint, and all discovery and disclosure obligations under the applicable local and federal rules, shall be stayed temporarily until either (1) the Securities Litigation is dismissed in its entirety, with prejudice, and all appeals related thereto have been exhausted, or is resolved or dismissed by settlement; or (2) the motions to dismiss the Securities Litigation are denied, and the PSLRA stay dissolves as a matter of law. Defendants are not required to move to dismiss, answer, or otherwise respond to the Complaint in this Action. Defendants likewise shall not be required to move to dismiss, answer, or otherwise respond to any substantially similar derivative complaints that are subsequently filed and consolidated into this action.

2. Notwithstanding the agreed-upon stay of this action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move,

answer, plead, or otherwise respond to the complaint or any amended complaint (or any other complaint filed in or consolidated with this action) during the pendency of the stay.

3. Notwithstanding the above, any of the parties to this action may request that the Court lift the stay upon good cause shown by giving the other parties at least twenty (20) business days' written notice that they believe such good cause exists and thereafter bringing the matter to the Court's attention and requesting that the voluntary stay be lifted.

4. This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as this action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court ("Related Derivative Action"). When a derivative case that properly belongs as part of this action is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, Plaintiff's counsel shall call to the attention of the Clerk of the Court the filing, reassignment, or transfer of any derivative case that might properly be consolidated as part of this action, and Plaintiff's counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

5. If, during the pendency of the stay, Supermicro provides copies of any books and records to a stockholder in response to any Section 220 Demand ("Section 220 Documents") asserting the same or substantially similar claims as this action, Supermicro will also promptly produce copies of such Section 220 documents concerning the conduct challenged in this action to Plaintiff, subject to counsel entering a reasonable and mutually agreed-to confidentiality or protective order governing the use and disclosure of any confidential material therein on substantially identical terms as any agreement or order governing the parties in the Securities Litigation or in a Related Derivative Action or in connection with such Section 220 Demand. To the extent any amended complaint is based on any information derived from the Section 220 Documents, Plaintiff agrees that references to such information will be filed under seal pursuant to applicable court rules.

6. The provision of discovery materials pursuant to this Stipulation, if any, will not constitute a waiver of or in any way limit Defendants' substantive rights and defenses in this action or any Related Derivative Action, including but not limited to Defendants' right to file a

motion to dismiss, motion to stay, or other appropriate challenge, arguing that Plaintiff fails to adequately plead demand futility or make a pre-suit demand, nor will the provision of such materials, if any, constitute a waiver of or in any way limit Defendants' right to argue that Plaintiff is not entitled to conduct formal discovery prior to establishing that Plaintiff has adequately alleged standing.

7. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle the Securities Litigation, counsel for Defendants shall provide Plaintiff's counsel in this action with reasonable advance notice of said mediation and shall make a good-faith effort to include Plaintiff in such mediation (subject to Defendants obtaining permission from that court and/or mediator and other parties to the mediation and/or settlement conference, as well as any insurers, as applicable). In the event that Plaintiff is not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiff at or around the same time. Defendants shall inform Plaintiff upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall make a good-faith effort to include Plaintiff in any such mediation (subject to Defendants obtaining requisite permissions).

8. Upon occurrence of any of (1) the dismissal of the Securities Litigation in its entirety, with prejudice, by its court, and exhaustion of all appeals related thereto, or the settlement of the Securities Litigation; or (2) the denial of the motion to dismiss the Securities Litigation and the dissolution of the PSLRA stay, then the parties to this action shall, within sixty (60) days, meet and confer regarding appropriate next steps in this action and notify the Court within said sixty (60) days after the occurrence of either of the events mentioned in this paragraph, and submit a proposed scheduling order governing further proceedings in this action, including the filing of any amended complaint and the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in this action. Nothing in this Stipulation shall prevent or prejudice Defendants from moving for a continued stay of proceedings based on the pendency of other legal actions, or a change in facts related to this case or other legal actions, or other grounds.

9. The parties to this action expressly preserve, and do not waive, any and all claims, rights and defenses, and arguments in this action, including defenses relating to jurisdiction, venue, or forum, except as to sufficiency of service of process as to Defendants Blair, Fairfax, Liang, and Weigand, and Nominal Defendant Supermicro. No part of this Stipulation shall be construed as a waiver of any rights, claims, or defenses, including as to jurisdiction, venue, or forum.

IT IS SO STIPULATED.

Dated: October 3, 2024

Respectfully submitted,

JONES DAY

By: /s/ John C. Tang
　　　John C. Tang

*Counsel for Defendants Robert Blair, Daniel W. Fairfax, Charles Liang, and David Weigand, and Nominal Defendant Super Micro Computer, Inc.*

Dated: October 3, 2024　　WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: /s/ Alex J. Tramontano
　　　Alex J. Tramontano

Betsy C. Manifold (SBN 182450)
Rachele R. Byrd (SBN 190634)
Alex J. Tramontano (SBN 276666)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
tramontano@whafh.com

RIGRODSKY LAW, P.A.
Seth D. Rigrodsky
Timothy J. MacFall
Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: sa@rl-legal.com

STIPULATION AND ~~PROPOSED~~ ORDER
NO. 5:24-cv-06410-VKD
5

| | |
|---|---|
| 1 | GRABAR LAW OFFICE |
| 2 | Joshua H. Grabar<br>One Liberty Place |
| 3 | 1650 Market Street, Suite 3600<br>Philadelphia, PA 19103 |
| 4 | Telephone: 267-507-6085<br>Email: jgrabar@grabarlaw.com |
| 5 | *Counsel for Plaintiff Lawrence Hollin* |

I, John C. Tang, am the ECF User whose ID and password are being used to file this STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

Dated: October 3, 2024

                                              */s/ John C. Tang*
                                              John C. Tang

* * *

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 5, 2024                   _____
                                          HON. EDWARD J. DAVILA
                                          UNITED STATES DISTRICT JUDGE