1  BETSY C. MANIFOLD (182450)
   RACHELE R. BYRD (190634)
2  ALEX J. TRAMONTANO (276666)
   **WOLF HALDENSTEIN ADLER**
3   **FREEMAN & HERZ LLP**
4  750 B Street, Suite 1820
   San Diego, CA 92101
5  Telephone: (619) 239-4599
   Facsimile: (619) 234-4599
6  manifold@whafh.com
7  byrd@whafh.com
   tramontano@whafh.com

*Counsel for Plaintiffs Lawrence Hollin,
Ramil Latypov, and Dr. Mithilesh K. Jha*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE HOLLIN, Derivatively on Behalf of Nominal Defendant SUPER MICRO COMPUTER, INC., <br><br>  Plaintiff, <br><br> v. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, YIH-SHYAN LIAW, SUSIE GIORDANO, SHIU LEUNG CHAN, MICHAEL S. MCANDREWS, HWEI-MING TSAI, SARIA TSENG and DAVID WEIGAND, <br><br>  Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br>  Nominal Defendant. | Case No. 5:24-cv-06410-EJD <br><br> **PLAINTIFFS LAWRENCE HOLLIN, RAMIL LATYPOV, GEORGE KERITSIS, ANAND ROY, AND MITHILESH K. JHA'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED DERIVATIVE ACTIONS AND TO APPOINT CO-LEAD COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE:  March 6, 2025 <br> TIME:  9:00 a.m. <br> CTRM:  4 <br> JUDGE: Judge Edward J. Davila |

[*Caption continued following pages*]

---

PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT CO-LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| RAMIL LATYPOV, Derivatively on Behalf of SUPER MICRO COMPUTER, INC., | Case No. 5:24-cv-06779-EJD |
| Plaintiff, | |
| v. | |
| CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, WALLY LIAW, SHIU LEUNG (FRED) CHAN, and DAVID WEIGAND, | |
| Defendants, | |
| and | |
| SUPER MICRO COMPUTER, INC., | |
| Nominal Defendant. | |
| GEORGE KERITSIS, Derivatively on Behalf of Super Micro Computer, Inc., | Case No. 5:24-cv-07753-EJD |
| Plaintiff, | |
| vs. | |
| CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, WALLY LIAW, SUSIE GIORDANO, AND DAVID E. WEIGAND, | |
| Defendants, | |
| and | |
| SUPER MICRO COMPUTER, INC., | |
| Nominal Defendant. | |

PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| ANAND ROY, derivatively on behalf of SUPER MICRO COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, YIH-SHYAN LIAW, SHIU LEUNG CHAN, MICHAEL S. MCANDREWS, HWEI-MING TSAI, SARIA TSENG, and DAVID WEIGAND, <br><br> Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-08006-EJD |
| DR. MITHILESH K. JHA, Derivatively on Behalf of SUPER MICRO COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, WALLY LIAW, SHIU LEUNG (FRED) CHAN, and DAVID WEIGAND, <br><br> Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-08792-EJD |

PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT CO-LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that on March 6, 2025, or as soon thereafter as the matter may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, San Jose Division, before the Honorable Judge Edward J. Davila, Plaintiffs, through their undersigned counsel, will and hereby do, move the Court for an order to: (i) consolidate the five above-captioned related shareholder derivative actions; and (ii) appoint the law firms of Rigrodsky Law, P.A. ("RL") and Gainey McKenna & Egleston ("GM&E") as Co-Lead Counsel (the "Motion") of the consolidated action. The Motion is supported by the Memorandum of Points and Authorities below and the accompanying Declaration of Gregory M. Egleston, dated January 9, 2025, in Support of Plaintiffs' Motion to Consolidate Related Derivative Actions and to Appoint Co-Lead Counsel ("Egleston Decl.").

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Related Derivative Actions (defined below) should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and

2. Whether to appoint the law firms of RL and GM&E as Co-Lead Counsel in the consolidated action.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The five above-captioned cases are shareholder derivative actions brought on behalf of nominal defendant Super Micro Computer, Inc. ("Super Micro" or the "Company") against current and former members of the Company's Board of Directors (the "Board") and certain of its executive officers seeking to remedy their breaches of fiduciary duties and violations of federal

---

[1] The parties in *Hollin v. Liang, et al.*, Case No. 5:24-cv-06410-EJD (N.D. Cal.) respectfully request that the stay entered by the Court on November 5, 2024 be lifted for the limited purposes of submitting this motion.

law (the "Related Derivative Actions"[2]) that caused substantial harm to the Company. Each of the Related Derivative Actions alleges the Company lacked adequate accounting procedures and controls and that the Company: (i) engaged in numerous accounting improprieties including issues related to revenue recognition; (ii) engaged in undisclosed related-party transactions; and (iii) exported large volumes of product to Russia in contravention of United States trade restrictions due to the Russian invasion of Ukraine. As a result of the foregoing, the Company was at heightened risk of regulatory scrutiny. Ultimately, the Company's financial results were misstated, and positive statements concerning the Company's business, operations, and prospects were materially false and misleading and lacked a reasonable basis at all relevant times.

The Related Derivative Actions present substantially identical issues regarding the directors' and officers' alleged breach of fiduciary duties to Super Micro that arise from the same transactions and events, and will necessitate the same motion practice and discovery, and raise the same trial issues. Therefore, consolidation is a logical step to foster judicial economy by eliminating duplicative litigation and conserve the resources of the parties to the Related Derivative Actions. Accordingly, the parties respectfully submit that the Related Derivative Actions should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure.

Additionally, Plaintiffs respectfully submit that the law firms of RL and GM&E and RL should be appointed Co-Lead Counsel of the consolidated action.[3] There is no question that proposed Co-Lead Counsel will continue to fairly and adequately represent the interests of Super Micro.

---

[2]  The Related Derivative Actions are *Hollin v. Liang, et al.*, Case No. 5:24-cv-06410-EJD; *Latypov v. Liang, et al.*, Case No. 5:24-cv-06779-EJD; *Keritsis v. Liang, et al.*, Case No. 5:24-cv-07753-EJD; *Roy v. Liang, et al.*, Case No. 5:24-cv-08006-EJD; and *Jha v. Liang, et al.*, Case No. 5:24-cv-08792-EJD.

[3]  Defendants take no position on the appointment of Co-Lead Counsel.

## II. FACTUAL BACKGROUND

Plaintiffs allege that throughout the Relevant Period (February 2, 2021 through August 28, 2024), Defendants[4] reported to investors and the market the Company's continued record demand, surging revenue growth, and increased product shipments. The Company also allegedly represented that it adhered to U.S. and other applicable trade control regulations and confirmed that no sales of any products actually occurred in the Russian Federation during fiscal years 2023 and 2024 and that the Company and its subsidiaries did not sell products or provide services to the Russian Federal Security Service ("FSB"). As a result of these representations and the Company's reported financial and operational results, the price of the Company's common stock surged above $1,255 per share.

On August 27, 2024, the truth began to emerge when investment research firm Hindenburg Research ("Hindenburg") issued a research report entitled *Super Micro: Fresh Evidence of Accounting Manipulation, Sibling Self-Dealing and Sanctions Evasion at this AI High Flyer* (the "Report"). In its Report, Hindenburg reported it had uncovered "glaring accounting red flags, evidence of undisclosed related party transactions, sanctions and export control failures, and customer issues." Plaintiffs allege that the Report, which was corroborated by a recent whistleblower lawsuit, detailed that these accounting manipulations included the improper recognition of revenue, the recognition of incomplete sales, channel stuffing, and the circumvention of internal accounting controls. The Report also stated that Hindenburg had uncovered evidence that the Company had evaded U.S. export controls and between February 24, 2022 and June 30, 2024; the Company's exports of products to Russia spiked, having shipped approximately $210 million of the Company products to Russia during that period. As a result of

---

[4] "Defendants" refers to the individual defendants Charles Liang, Sara Liu, Daniel W. Fairfax, Tally Liu, Sherman Tuan, Judy Lin, Robert Blair, Yih-Shyan Liaw, Susie Giordano, Shiu Leung Chan, Michael S. Mcandrews, Hwei-Ming Tsai, Saria Tseng, and David Weigand, and nominal defendant Super Micro.

these disclosures on August 27, 2024, the price of the Company common stock declined by $14.87 per share, falling 2.64% to close at $547.64. The next day, on August 28, 2024, the Company announced that it would not be timely filing its Form 10-K annual report as it is assessing the "design and operating effectiveness of its internal controls over financial reporting."

As a result of these disclosures on August 28, 2024, the price of the Company common stock continued to decline, falling $104.15 per share, or 19.02%, to close at $443.49. Plaintiffs alleged that the Company's optimistic reports of significant growth, earnings potential, a healthy relationship with its related parties, and an assertion of ceasing shipment to wartime zones in compliance with government restrictions fell far short of reality as they: (i) failed to incorporate the true circumstances of the Company's accounting and improper revenue recognition; (ii) failed to disclose the Company entered into related party transactions with entities controlled by the siblings of Super Micro's CEO; and (iii) failed to disclose the true state of the Company's business dealings in and to Russia in violation of U.S. export control laws.

### III. ARGUMENT

#### A. Consolidation of the Related Derivative Actions Is Appropriate

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, when two or more actions involve a common question of law or fact and are pending in the same district, the "district court has broad discretion . . . to consolidate" the actions. *Invs. Rsch. Co. v. U.S. Dist. Ct. for C.D. Cal.*, 877 F.2d 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting *Sw. Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 806-07 (N.D. Cal. 1989)).

Here, the parties submit that the five (5) Related Derivative Actions should be consolidated because the actions involve common questions of law and fact. Each of the Related Derivative Actions arise from a common nucleus of operative facts that allege certain officers and members of Super Micro's Board breached their fiduciary duties owed to Super Micro and caused harm to

the Company. The nearly identical questions of law and fact that predominate support consolidating the five Related Derivative Actions under Rule 42(a).

### B. Appointment of Co-Lead Counsel

With respect to the appointment of lead counsel, the Ninth Circuit has held that a court has the inherent power to consolidate actions and appoint lead counsel to supervise and coordinate prosecution of a case. *See In re Oclaro, Inc. Derivative Litig.*, No. C-11-3176 EMC, 2011 WL 4345099, at *2 (N.D. Cal. Sept. 14, 2011). Here, Plaintiffs submit that the law firms of RL and GM&E should be appointed as Co-Lead Counsel.

#### (1) RL

RL is well capitalized, fully capable, and prepared to staff and finance this derivative litigation and has extensive experience in handling complex shareholder derivative litigation, having served as lead or co-lead counsel in numerous derivative cases around the country, and having secured a number of significant recoveries. *See* Egleston Decl., Ex. A (firm resume of RL); *see also Sparano*, 2011 U.S. Dist. LEXIS 21144, at *8-9 (appointing lead counsel to firm with "significant experience in serving as lead counsel in derivative and class actions," a "history of obtaining favorable results," and "the resources and expertise to fulfill the role as lead counsel[.]").

The attorneys of RL have decades of litigation experience, have garnered favorable judicial comment on their efforts, and have achieved precedent-setting victories on behalf of investors in numerous corporate class actions and shareholder derivative lawsuits filed throughout the United States. For example, in *Gilbert v. Perlman*, C.A. No. 2018-0453-SG, Tr. at 25:22-26:4 (Del. Ch. Apr. 26, 2022), Vice Chancellor Glasscock of the Delaware Chancery Court stated, "I also congratulate you, [RL]. . . . I think this was a very good settlement for the class. It obviously was litigated hard, mediated hard, and is an example of how corporate litigation ought to proceed in this Court."

Likewise, RL served as co-lead counsel in a derivative action against past and present members of the board of directors of HSBC Holdings PLC ("HSBC") and its various U.S. subsidiaries. After successfully achieving a reversal of dismissal of the action on appeal (*see*

*Mason-Mahon v. Flint*, 166 A.D.3d 754 (2d Dept. 2018)), and following the denial of defendants' appellate motion for reargument, or certification to the New York Court of Appeals, the plaintiffs achieved a $72.5 million cash settlement on behalf of HSBC. In addition, HSBC agreed to certain corporate governance enhancements to bolster its anti-money laundering and sanctions compliance policies and procedures. The $72.5 million cash component of the settlement is believed to be the first derivative cash settlement against a foreign corporation, as well as the sixteenth largest derivative cash settlement at the time, in the United States. *Mason-Mahon, et al. v. Flint, et al.*, Index No. 602052/2014 (New York Sup. Ct.).

In *PG&E San Bruno Fire Cases*, Case No. JCCP 4648-C (Cal. Super. Ct.), RL initiated an action on behalf of the shareholders of PG&E Corporation ("PG&E") in connection with the tragic loss of life and property, and helped those shareholders recover $90 million for the company, then the seventh largest shareholder derivative settlement on record. In addition, to improve and ensure pipeline safety, plaintiffs also obtained comprehensive gas operations therapeutics with a stipulated value of $32.05 million.

### (2) GM&E

GM&E has extensive experience in handling complex class actions and other similar lawsuits and has prosecuted numerous securities class action and breach of duty cases, and, therefore, possesses substantial knowledge about the applicable law. In addition, the firm is well capitalized, and fully capable and prepared to staff and finance this class action litigation.

GM&E also made law with its successful prosecution of a class action appeal to the United States Supreme Court wherein the Court struck down a "presumption of prudence" governing fiduciary conduct that lower courts had been using to the protect the actions of fiduciaries of employer retirement plans who imprudently invested in company stock for the retirement plan. In the class action, *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014), GM&E with co-counsel argued that the presumption was illegitimate and had no place in the ERISA statutory framework. The Supreme Court agreed.

GM&E was instrumental in producing significant recoveries for its clients in class actions alleging breach of fiduciary duties in connection with the purchase of company stock in employees' retirement plans: *In re Schering-Plough Corp. Enhance ERISA Litig.*, Civil Action No.: 08-cv-1432 (D.N.J.) (recovery of $12.25 million for breach of fiduciary duty to the company's 401(k) plan); *In re Popular Inc. ERISA Litig.*, Master File No.: 09-cv-01552-ADC (D. P.R.) (recovery of $8.2 million for breaches of fiduciary duty owed to the company's 401(k) plan); *Boyd, et al. v. Coventry Health, et al.*, Civil Action No.: 09-cv-2661 (D. Md.) (breach of fiduciary duty recovery of $3.6 million for the company's 401(k) plan); *Morrison v. MoneyGram Int'l, Inc., et al.*, Civil Action No.: 08-cv-1121 (D. Minn.) (sole lead counsel producing a recovery of $4.5 million for breach of fiduciary duties owed to the company's 401(k) plan); *In re General Growth Properties, Inc. ERISA Litig.*, Master File No.: 08-cv-6680 (N.D. Ill.) (Co-Class Counsel, produced a recovery of $5.75 million for the company's 401(k) plan). Further, GM&E was also co-lead counsel in a derivative matter entitled *In re Altria Group, Inc. Derivative Litig.*, Civil Action No.: CL20-705 (In the Circuit Court of Henrico County, VA) (co-lead counsel state derivative action) and received approval for a funding commitment by Altria of ***$117 million over 5 years***, which will be deployed to fund Altria's programs to prevent underage use of tobacco and existing or newly developed nicotine delivery system products, including e-vapor products. *See* Egleston Decl., Ex. B (firm resume of GM&E).

### (3) WHAFH

Plaintiffs seek appointment of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Liaison Counsel in the Consolidated Derivative Action ("Liaison Counsel"). Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.

Wolf Haldenstein is experienced and well positioned to act in this capacity. *See* Egleston Decl., Ex. C (firm resume of WHAFH). Wolf Haldenstein maintains an active securities practice, and its attorneys have experience acting as both primary and liaison counsel capacities. *See id.* For example, Wolf Haldenstein is currently liaison counsel in the Northern District of California for

- 7 -
PLAINTIFFS' MOTION TO CONSOLIDATE AND TO APPOINT CO-LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES

the *In re Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc. Derivative Litigation*, Case No. 3:23-cv-06627-JSC, currently pending before the Hon. Judge Jacqueline Scott Corley.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached [Proposed] Order Consolidating the Related Derivative Actions and Appointing Co-Lead and Liaison Counsel.

Dated: January 9, 2025

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**

By:   */s/ Alex J. Tramontano*
Alex J. Tramontano (276666)
Betsy C. Manifold (182450)
Rachele R. Byrd (190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
Email: manifold@whafh.com
Email: byrd@whafh.com
Email: tramontano@whafh.com

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**
Benjamin Y. Kaufman
270 Madison Ave., 9th Floor
New York, NY 10016
Telephone: (212) 545-4650
Facsimile: (212) 686-0114
Email: kaufman@whafh.com

*Counsel for Plaintiffs Hollin, Latypov and Jha*

**GAINEY McKENNA & EGLESTON**

By:   */s/ Gregory M. Egleston*
Gregory M. Egleston (*Pro Hac Vice*)
260 Madison Avenue, 22nd Floor
New York, New York 10016
Phone: (212) 983-1300
Fax: (212) 983-0383

Email: gegleston@gme-law.com

*Counsel for Plaintiff Latypov*

**RIGRODSKY LAW, P.A.**

By: /s/ *Timothy J. MacFall*
Timothy J. MacFall
Seth D. Rigrodsky
Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com
Email: sdr@rl-legal.com
Email: sa@rl-legal.com

*Counsel for Plaintiff Hollin*

**FEDERMAN & SHERWOOD**

By: /s/ *Sara E. Collier*
Sara E. Collier
William B. Federman, Esq. (*Pro Hac Vice*)
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Phone: (405) 235-1560
Fax: (405) 239-2112
Email: sec@federmanlaw.com
Email: wbf@federmanlaw.com

*Counsel for Plaintiff Keritsis*

**THE BROWN LAW FIRM, P.C.**

By: /s/ *Robert C. Moest*
Robert C. Moest, Of Counsel (SBN 62166)
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501

- 9 -
PLAINTIFFS' MOTION TO CONSOLIDATE AND TO APPOINT CO-LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES

New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Roy*

**ISQUITH LAW PLLC**

By: */s/ Fred T. Isquith*
Fred T. Isquith
103 E. 84th Street
New York, NY 10028
Telephone: (718) 775-6478
Email: isquithlaw@gmail.com

*Counsel for Plaintiff Jha*

## ELECTRONIC SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing. Pursuant to Civil Local Rule 5.1, I hereby attest that each of the other Signatories indicated by a /s/ have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

Dated: January 9, 2025            */s/ Alex J. Tramontano*
                                  Alex J. Tramontano